UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Roger Ward,

    Plaintiff,

v.

The State of Ohio *et al.*,

    Defendants.

Case No. 2:22-cv-4119

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This case has been stayed pending the resolution of a related state court proceeding. ECF No. 21. From the outset of the case, Roger Ward ("Plaintiff") has presented himself as proceeding without the assistance of counsel. *See* Compl., ECF No. 1.

In a recent status report (the "Report"), Plaintiff (or someone purporting to be Plaintiff) represents that "[o]n December 22, 2022, Roger Ward suffered a stroke, leaving him unable to walk, speak, or communicate effectively." ECF No. 24-1. The Report goes on to indicate that Plaintiff's "fiduciary" has been participating in Plaintiff's state court proceedings on Plaintiff's behalf. *Id.* The Report does not indicate whether this "fiduciary" is an attorney, and the Report is purportedly signed by Plaintiff. *Id.*

A non-attorney may appear before the Court on his own behalf but may not appear on behalf of others. *See Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to

appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." (internal quotation marks and citation omitted)).

Accordingly, Plaintiff is **ORDERED** to file a notice **WITHIN FOURTEEN DAYS** that includes the following information:

- Whether Plaintiff is still unable to "speak or communicate effectively." If Plaintiff has recovered from his stroke, he shall indicate the dates during which he was unable to "speak or communicate effectively."

- Whether anyone other than Plaintiff has helped Plaintiff with writing any of Plaintiff's filings before the Court. The Court is particularly interested in whether someone other than Plaintiff wrote (or helped write) ECF Nos. 15, 17, and 20.

- If anyone has helped Plaintiff with any of his filings, Plaintiff shall identify the person(s), and shall indicate whether the person(s) is an attorney licensed to practice in the State of Ohio.

Plaintiff (and anyone helping Plaintiff) are **CAUTIONED** that they have a duty to be honest with the Court. The Court is sympathetic to Plaintiff's difficult decision and has little interest in considering sanctions for past conduct. However, the Court expects honesty about who is writing Plaintiff's filings from now on and will consider whether any sanctions are appropriate if Plaintiff (or anyone working on Plaintiff's behalf) misleads the Court in the future.

The case will remain stayed until this matter is resolved.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**